IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| MAUREEN O'REILLY BLUM,<br><br>Plaintiff,<br><br>vs.<br><br>BARRETT HOSPITAL DEVELOPMENT CORPORATION, d/b/a BARRETT HOSPITAL AND HEALTHCARE; RICHARD OPPER, RANDALL NETT; and DOES 1-10,<br><br>Defendants. | CV 16-38-BU-BMM-JCL<br><br>FINDINGS & RECOMMENDATION |

Pro se Plaintiff Maureen Blum ("Blum") brings this action alleging generally that the above-named Defendants negligently failed to protect her from communicable disease during her employment with Barrett Hospital and Healthcare ("the Hospital"). Defendant Randall Nett, M.D., ("Dr. Nett") has moved under Federal Rule of Civil Procedure 12(b) to dismiss all claims asserted against him in the Amended Complaint for lack of subject matter jurisdiction, failure to state a claim upon which relief can be granted, and insufficient service of process. For the reasons set forth below, the motion should be granted.

1

I.    **<u>Background</u>**[1]

Blum was working as a nurse anesthetist at Barrett Hospital in December 2012, when she was called in to provide anesthesia services to a surgical patient who had been injured in a car accident. According to Blum, the patient had clearly visible open sores covering his entire body at the time of the surgery. Approximately three weeks after the surgery, Blum developed ulcerative skin lesions on her left hand similar to those she had observed on the patient. She claims that multiple fingers on her hand have been degloved due to the lesions, and that she has been to several doctors seeking a diagnosis and treatment.

Dr. Nett is a Commander with the United States Public Health Service Commissioned Corps, employed with the Centers for Disease Control and Prevention (CDC) in its National Institute for Occupational Safety and Health. (Doc. 5). When the incidents giving rise to Blum's lawsuit took place, Dr. Nett was assigned by the CDC to Montana to perform services as a Career Epidemiology Field Officer. (Doc. 5).

Blum notified Dr. Nett that she had developed lesions similar to those on the surgical patient, and asked Dr. Nett to provide her with information relating to

---

[1] Except where noted, the following facts are taken from the Amended Complaint. (Doc. 4).

the patient, including the patient's medical records. Blum claims that Dr. Nett failed to obtain the patient's medical records or take any action to prevent the spread of an infectious disease.

In January 2016, Blum filed a complaint in state court alleging negligence on the part of Defendant Barrett Hospital Development Corporation, and advancing claims under 42 U.S.C. § 1983 against Dr. Nett and Defendant Richard Opper. Blum alleges that Dr. Nett failed to comply with Montana's public health laws, thereby depriving her of her rights under § 1983. Dr. Nett removed the case to this Court pursuant to the federal officer removal statute, 28 U.S.C. § 1442, and has since moved to dismiss the claims asserted against him for lack of lack of subject matter jurisdiction, failure to state a claim upon which relief can be granted, and insufficient service of process.

## II. <u>Legal Standard</u>

### A. Rule 12(b)(1)

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenges the court's subject matter jurisdiction over the claims asserted. "Once challenged, the party asserting subject matter jurisdiction has the burden of proving its existence." *Rattlesnake Coalition v. United States Environmental Protection Agency*, 509 F.3d 1095, 1102 n. 1 (9th Cir. 2007).

A defendant may pursue a Rule 12(b)(1) motion to dismiss for lack of jurisdiction either as a facial challenge to the allegations of a pleading, or as a substantive challenge to the facts underlying the allegations. *Savage v. Glendale Union High School, Dist. No. 205, Maricopa County*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003). A facial challenge to the jurisdictional allegations is one which contends that the allegations "are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). The success of a facial challenge to jurisdiction depends on the allegations in the complaint, and does not involve the resolution of a factual dispute. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). In a facial challenge the court must assume the allegations in the complaint are true and it must "draw all reasonable inferences in [plaintiff's] favor." *Wolfe*, 392 F.3d at 362.

"By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air for Everyone*, 373 F.3d at 1039. In resolving such a factual attack, the court "may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Safe Air for Everyone*, 373 F.3d at 1039. If the moving party has "converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the

court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Safe Air for Everyone*, 373 F.3d at 1039 (*quoting Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n. 2 (9th Cir. 2003)). In looking to matters outside the pleadings, the Court must "resolve all disputes of fact in favor of the non-movant...similar to the summary judgment standard." *Dreier v. United States*, 106 F.3d 844, 847 (9th Cir. 1996). As with a motion for summary judgment, the party moving to dismiss for lack of subject matter jurisdiction "should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Casumpang v. Int'l Longshoremen's & Warehousemen's Union*, 269 F.3d 1042, 1060-61 (9th Cir. 2001).

### B. Rule 12(b)(6)

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

To survive a Rule 12(b)(6) motion, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint will survive a motion to dismiss if it alleges facts that allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. But if the complaint "lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory," then dismissal under Rule 12(b)(6) is appropriate. *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

**III. Discussion**

The Court notes as a preliminary matter that Dr. Nett filed his motion to dismiss on August 4, 2016. Pursuant to Local Rule 7.1(d)(1)(B)(i), Blum's response to the motion was thus due on or before August 25, 2016. As of the date of these Findings and Recommendation, however, Blum has not filed any response to Dr. Nett's motion. Because Blum is appearing pro se, the Court must liberally construe the allegations in the Amended Complaint. *See e.g. Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988); *Ortez v. Washington County Oregon*, 88 F.3d 804, 807 (9th Cir. 1996); *Wolfe*, 392 F.3d at 362.

    **A.    42 U.S.C. § 1983**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege (1) the violation of a federally protected right by (2) a person acting under color of state

law.  *See e.g. Anderson v.Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006); *Balistreri v. Pacifica Police Dep't.,* 901 F.2d 696, 699 (9th Cir. 1990).  Dr. Nett argues that Blum's § 1983 claim should be dismissed because she fails to allege the violation of a federally protected right, and he is a federal actor who was not acting under color of state law at the time of the events in question.  Dr. Nett is correct on both points.

Blum's Amended Complaint alleges that Dr. Nett failed to comply with Montana's public health laws, thereby depriving her of her rights under § 1983. Blum claims she had the right enforce Montana's public health laws pursuant to Montana Code Annotated § 50-1-103, and alleges that Dr. Nett failed to perform the duties required of him under Mont. Code Ann. § 50-1-202.  The first of these two statutes does not provide for a private right of action on its face, and the second statute simply lists general duties required of the State of Montana's department of public health and human services acting in collaboration with federal, state, and local partners.  These are both state statutes, and do not provide a basis for claiming the deprivation of any federally protected right.  It is well-established that § 1983 does not allow relief for alleged violations of state law or state constitutional rights.  *See e.g. Maizner v. Hawaii, Dept. of Educ.*, 405 F.Supp.2d 1225, 1240 (D. Hawaii 2005) (*citing Moreland v. Las Vegas Metro.*

*Police Dept,* 159 F.3d 365, 371 (9th Cir. 1998)). Because Blum does not allege the violation of a federally protected right, she fails to state a claim against Dr. Nett under § 1983.

Blum's § 1983 claim also fails for lack of subject matter jurisdiction because Dr. Nett is a federal employee who was acting under color of federal rather than state law at the time of the events in question. Section 1983 does not apply to claims asserting a deprivation of rights by federal officials or employees acting under color of federal law. *Daly-Murphy v. Winston*, 837 F.2d 348 (9th Cir. 1987); *District of Columbia v. Carter*, 409 U.S. 418, 424-25 (1973). Section 1983 is applicable only to people acting under color of state law, not those acting under color of federal law. *See Harlow v. Fitzgerald*, 457 U.S. 800, 814-20 (1982). Blum's Amended Complaint asserts that Dr. Nett "was employed by the Montana Department of Health and Human Services as an epidemiology field officer." (Doc. 4, ¶ 8). While Blum thus alleges that Dr. Nett was acting under color of state law, the United States of America has submitted a Certificate of Scope of Employment Under 28 U.S.C. § 2679(d) establishing that Dr. Nett is in fact a federal employee who was acting under color of federal law.[2] The United States

---

[2] The Court may consider this extrinsic evidence for purposes of determining subject matter jurisdiction. *See Safe Air for Everyone*, 373 F.3d at 1039.

explains that Dr. Nett "is a Commander with the U.S. Public Health Service Commissioned Corps, employed with the Centers for Disease Control and Prevention, National Institute for Occupational Safety and Health, and was acting as an employee of the United States, and was acting within the scope of his employment at the time of the incident alleged in the complaint and amended complaint." (Doc. 5). Blum has not come forward with any evidence or argument to the contrary. Because Dr. Nett is a federal actor who was acting under color of federal rather than state law during the relevant period, Blum's § 1983 claim against him fails for lack of subject matter jurisdiction and should be dismissed.

## B.   Statutory Immunity

To the extent Blum's Amended Complaint may be liberally construed as asserting *Bivens* constitutional claims[3] or state common law tort claims against him, Dr. Nett moves to dismiss on the ground that he is statutorily immune from suit. Dr. Nett relies on 42 U.S.C. § 233(a), which makes clear that the Federal Tort Claims Act ("FTCA") provides the exclusive remedy for specified claims against commissioned officers or employees of the Public Health Service. As put by the United States Supreme Court, "Section 233(a) makes the FTCA remedy

---

[3] Constitutional claims against federal actors are allowed under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

9

against the United States 'exclusive of any other civil action or proceeding' for any personal injury caused by a [Public Health Service] officer or employee performing a medical or related function 'while acting within the scope of his office or employment.'" *Hui v. Castaneda*, 599 U.S. 799, 801-02 (quoting 42 U.S.C. § 233(a)).

The record reflects that Dr. Nett is a commissioned officer with the Public Health Service, and was acting within the course and scope of his employment when the events giving rise to Blum's lawsuit took place. (Doc. 5). Blum alleges that Dr. Nett failed to provide her with copies of the surgical patient's medical records and otherwise failed to take any action to prevent the spread of an infectious disease. (Doc. 4, at ¶¶ 32-33). These allegations fall within the protection afforded by § 233(a) to public health service officers performing medical or related functions. Because the FTCA provides the exclusive remedy for claims asserted against a Public Health Service officer performing medical or related functions within the scope of his employment, any constitutional or state common law tort claims asserted against Dr. Nett in his individual capacity are properly dismissed for lack of subject matter jurisdiction.

### C. Federal Tort Claims Act

To the extent Blum's Amended Complaint can be read as asserting a tort

claim against him, Dr. Nett argues the United States should be substituted as the defendant and Blum's tort claim should be dismissed. The Court agrees.

The United States is the only proper party defendant in an FTCA action. 28 U.S.C. § 1346(b)(1); *Kennedy v. U.S. Postal Service*, 145 F.3d 1077, 1078 (9th Cir. 1998). United States Attorneys, as designees for the Attorney General, are authorized by statute to certify that a United States employee was acting within the scope of his employment, which results in substitution of the United States as the defendant. 28 U.S.C. § 2679(d)(1); 28 C.F.R. § 15.4.

Here, the United States Attorney for the District of Montana has certified that Dr. Nett was an employee of the United States acting within the scope of his employment at the time of the incidents in question, which means that the United States is properly substituted as the defendant for purposes of any FTCA claims. 29 U.S.C. § 2679(d)(1); *Meridian Intern. Logistics, Inc. v. United States*, 939 F.2d 40, 743-44 (9th Cir. 1991).

Dr. Nett argues that even if the United States is substituted as the defendant, however, Blum's claims should be dismissed because she has not filed an administrative tort claim. As a prerequisite to filing suit in federal court under the FTCA, a plaintiff must first present an administrative claim to the government. 28 U.S.C. § 2675(a). Section 2675(a)'s administrative claim provisions are

11

jurisdictional in nature, and are to be strictly construed by the Court. *Jerves v. United States,* 966 F.2d 517, 521 (9th Cir. 1992).

Blum does not allege in her Amended Complaint that she presented a tort claim first to the appropriate agency. And as verified by the Declaration of Daretia M. Hawkins, a senior attorney responsible for evaluating administrative tort claims submitted to United States Department of Health and Human Services, the agency has no record of Blum having filed an administrative tort claim relating to the allegations against Dr. Nett in the Amended Complaint. (Doc. 7-1). Thus, even assuming the United States is substituted as the defendant, any tort claims based on Dr. Nett's alleged conduct should be dismissed for lack of subject matter jurisdiction.[4]

## IV. Conclusion

For the reasons set forth above,

IT IS RECOMMENDED that Dr. Nett's motion to dismiss be GRANTED.

DATED this 14th day of September, 2016.

*/s/ Jeremiah C. Lynch*
Jeremiah C. Lynch
United States Magistrate Judge

---

[4] Because Blum's claims against Dr. Nett should be dismissed for the reasons set forth above, the Court need not consider Dr. Nett's argument that those claims should also be dismissed based on insufficient service of process.