IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| MAUREEN O'REILLY BLUM,<br><br>Plaintiff,<br><br>vs.<br><br>BARRETT HOSPITAL DEVELOPMENT CORPORATION, d/b/a BARRETT HOSPITAL AND HEALTHCARE; RICHARD OPPER, RANDALL NETT; and DOES 1-10,<br><br>Defendants. | CV 16-38-BU-BMM-JCL<br><br>FINDINGS & RECOMMENDATION |

Pro se Plaintiff Maureen Blum ("Blum") brings this action alleging generally that the above-named Defendants negligently failed to protect her from a communicable disease while she was working as a nurse anesthetist. Defendant Barrett Hospital Development Corporation ("Barrett Hospital") has moved to dismiss the Amended Complaint for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). Although not named as a defendant, Public Hospital District of Beaverhead County ("Hospital

1

District") has entered an appearance for the purpose of moving to dismiss the Amended Complaint under Rule 12(b)(5) for lack of personal jurisdiction based on insufficient service of process, and Rule 12(b)(6) for failure to state a claim upon which relief can be granted. For the reasons set forth below, both motions should be granted.

I. **Background**

Blum was working as a nurse anesthetist at Barrett Hospital and Healthcare on December 5, 2012, when she was called in to provide anesthesia services to a surgical patient who had been injured in a car accident. (Doc. 4, ¶ 16-18). Blum "observed ulcerative skin lesions covering the patient's entire body" while providing pre-operative care. (Doc. 4, ¶ 21). She "expressed concern about the open sores clearly visible on the patient's body and discussed with the pre-operative nurse whether it could be something contagious." (Doc. 4, ¶ 21). Due to the patient's obesity, Blum "was required to lift the patient's chin with her left hand during his anesthetic." (Doc. 4, ¶ 22). Blum "notified the surgeon, the nursing staff, and the succeeding nurse-anesthetist" of the patient's skin lesions. (Doc. 4, ¶ 23).

Approximately three weeks later, Blum "began to develop ulcerative skin lesions on her left hand and arm similar to those identified on the diseased

patient." (Doc. 4, ¶ 24).  Some time later, she notified Barrett Hospital that she had developed lesions similar to those found on the diseased patient, and sought information relating to the patient "in order to diagnose her skin condition, enable treatment, and prevent the spread of a communicable disease."  (Doc. 4, ¶¶ 25, 27). According to Blum, she has expended extensive personal resources in an attempt to diagnose and treat the unknown skin condition contracted from the diseased patient at her place of employment.  (Doc. 4, ¶ 35).

On January 26, 2016, Blum filed a complaint in state court naming Barrett Hospital Development Corporation d/b/a Barrett Hospital and Healthcare as a defendant.  Blum filed an Amended Complaint in state court on July 11, 2016, again naming Barrett Hospital Development Corporation d/b/a Barrett Hospital and Healthcare as a defendant.[1]  Although Blum names Barrett Hospital as a defendant, all of the factual allegations in the text of her Amended Complaint are directed at Hospital District.  Blum does not identify Hospital District as a defendant in either pleading, but alleges a negligence claim against the entity in the text of her Amended Complaint.

---

[1] Blum's original and amended complaints also named Richard Opper and Dr. Randall Nett as defendants.  Opper has since been dismissed from the case, and the undersigned has recommended that Dr. Randall Nett's pending motion to dismiss be granted. (Doc. 17)

Blum claims that Barrett Hospital was negligent, and breached its duty of care by (1) failing to document the surgical patient's skin condition, (2) failing to require a routine integumentary assessment of the patient after his admission to the hospital, (3) failing to adopt practices and procedures to protect its employees and independent contractors from exposure to occupational disease, (4) failing to report the patient's skin condition to the Montana Department of Health and Human Services, and (5) failing to provide a safe place of employment. (Doc. 4, ¶ 39).

On July 25, 2016, Dr. Randall Nett removed the case to this Court pursuant to the federal officer removal statute, 28 U.S.C. § 1442. Barrett Hospital moves to dismiss under Rule 12(b)(6) on the ground that the Amended Complaint fails to state a claim upon which relief can be granted because it was not filed within the applicable statute of limitations. Hospital District moves to dismiss under Rule 12(b)(5) for lack of personal jurisdiction based on insufficient service of process, and under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

## II. <u>Legal Standard</u>

### A. **Federal Rules of Civil Procedure 12(b)(5)**

Under Rule 12(b)(5), dismissal is the proper remedy for insufficient service

4

of process. Once the sufficiency of service has been challenged, the plaintiff bears the burden of establishing that service was valid under Rule 4." *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). "The court may consider evidence outside the pleadings in resolving a Rule 12(b)(5) motion." *Fairbank v. Underwood*, 986 F.Supp.2d 1222, 1228 (D. Ore. 2013).

      B.      **Federal Rule of Civil Procedure 12(b)(6)**

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

To survive a Rule 12(b)(6) motion, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint will survive a motion to dismiss if it alleges facts that allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. But if the complaint "lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory," then dismissal under Rule 12(b)(6) is appropriate.

*Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

Where, as here, the plaintiff is appearing pro se, the court liberally construes the allegations in the complaint. *See e.g. Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988); *Ortez v. Washington County Oregon*, 88 F.3d 804, 807 (9th Cir. 1996).

### III.  Discussion

Barrett Hospital and Hospital District filed their respective motions to dismiss on August 17, 2016. Pursuant to Local Rules 7.1(d)(1)(B)(i) and 83(d)(4)(B), Blum's responses to both motions were due on or before September 12, 2016. As of the date of these Findings and Recommendation, however, Blum has not responded to either motion.

Hospital District raises a threshold procedural argument, and asks the Court to grant its motion to dismiss based on Blum's failure to file a timely response brief as required by the local rules. While failure to file a brief in response to a motion to dismiss is not deemed an admission that the motion is well-taken, Hospital District argues Blum was nonetheless required to file a response brief if she opposes its motion to dismiss. *See* L.R. 7.1(d)(1)(B). Because she has not done so, Hospital District maintains her claims are subject to summary dismissal.

It is within a district court's discretion to dismiss an action based on a

6

party's failure to comply with the applicable local rules if certain factors are satisfied. *See Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995). Particularly in light of Blum's pro se status, however, the Court declines to exercise that discretion here and will address both motions to dismiss on the merits.

A. **Barrett Hospital**

Barrett Hospital moves to dismiss for failure to state a claim upon which relief can be granted based on Blum's failure to comply with applicable statute of limitations.[2]

A claim may be dismissed under Rule 12(b)(6) when the running of the statute of limitations "is apparent on the face of the complaint." *Huynh v. chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006). Liberally construed, the Amended Complaint sets forth a claim of negligence not just against Hospital District, but also against Barrett Hospital.

Under Montana law, the statute of limitations in an action for negligence is three years. Mont. Code Ann. § 27-2-204(1). This means that a negligence action must be commenced within three years from the time the claim or cause of action accrues. *Kaeding v. W.R. Grace & Co.*, 961 P.2d 1256, 1259 (Mont. 1998). "A

---

[2] While Barrett Hospital also maintains it was never served with a copy of the Amended Complaint and learned of it only by chance, it does not move to dismiss based on insufficient service of process.

claim or cause of action accrues 'when all elements of the claim or cause exist or have occurred, the right to maintain an action on the claim or cause is complete, and a court or other agency is authorized to accept jurisdiction of the action.'" *Kaeding*, 961 P.2d at 1259 (*quoting* Mont. Code Ann. § 27-2-102(1)(a)).

As a general rule, lack of knowledge by the plaintiff "of the claim or cause of action, or its accrual, does not postpone the beginning of the period of limitations." *Kaeding*, 961 P.2d at 1259 (*citing* Mont. Code Ann. § 27-2-102(2)). This means that a plaintiff "need not have actual and complete knowledge of the facts constituting the claim in order for the claim to accrue." *Christian v. Atlantic Richfield Co.*, 358 P.3d 131, 153 (Mont. 2015). "The fact that a party does not know that he or she has a claim, whether because he or she is unaware of the facts or unaware of his or her legal rights, is usually not sufficient to delay the beginning of the limitations period." *Christian*, 358 P.3d at 152.

The discovery doctrine provides an exception to this general rule. "If the facts constituting the claim are concealed or self-concealing in nature, or if the defendant has acted to prevent the injured party from discovering those facts, the period of limitations does not begin to run until the injured party has discovered, or in the exercise of due diligence should have discovered, both the injury and its cause." *Christian*, 358 P.3d at 152. The discovery doctrine may delay the running

of the statute of limitations until the plaintiff discovers his injury and its cause, but does not toll the statute of limitations until the plaintiff discovers his legal rights. *Bennett v. Dow Chemical Co*. 713 P.2d 992, 994-95 (Mont. 1986).

Taking the allegations in the Amended Complaint as true, Blum's negligence claim against Barrett Hospital accrued by the end of December 2012. Blum was aware when she treated the patient on December 5, 2012 that he had open sores all over his body and was concerned that the unknown skin disease might be contagious. By her own account, Blum was directly exposed to the patient's lesions while caring for him and notified hospital staff about her concerns. Blum's alleged injury manifested three weeks later, when she developed ulcerative skin lesions similar to those she had observed on the patient. Blum discovered or reasonably should have discovered her injury and its cause by the end of December 2012. All of the requisite elements of Blum's negligence claim were present in late December 2012, and her claim against Barrett Hospital accrued at that time. Because the three year statute of limitations began to run in late December 2012, but Blum did not file her initial and amended complaints until January 2016 and July 2016, respectively, her negligence claim against Barrett Hospital is time barred.

**B. Hospital District**

Hospital District moves to dismiss for lack of personal jurisdiction based on insufficient service of process, and for failure to state a claim upon which relief can be granted based on Blum's failure to comply with the statute of limitations. The motion is well taken on both grounds.

The court cannot exercise personal jurisdiction over a defendant without proper service of process. *Omni Capital Int'l, Ltd. v. Wolff & Co.*, 484 U.S. 97, 104 (1987). Actual notice of a lawsuit is not a substitute for proper service. *SEC v. Ross*, 504 F.3d 1130, 1140 (9th Cir. 20087). Where, as here, a complaint was originally filed in state court and service was required before removal, the sufficiency of service is determined in accordance with state law. *Lee v. City of Beaumont*, 12 F.3d 933, 936-37 (9th Cir. 1993), *overruled on other grounds by Cal. Dept' Water Res. v. Powerex Corp.*, 53 F.3d 1087, 1091 (9th Cir. 2008).

Under Montana law, a business or non-profit entity cannot be served by mail, and may only be served by delivering the summons and complaint to an authorized person. Mont. R. Civ. P. 4(d)(B) and 4(i)(3). Blum did not name Hospital District as a defendant in her original state court Complaint, and there is no indication that she ever served the entity. When Blum filed her Amended Complaint in July 2016, she added a negligence claim against Hospital District in the text of the pleading but again failed to name the entity in the caption. There is

nothing in the record to suggest that Hospital District was ever served, or that it waived or accepted service. While improper service is generally considered a curable defect, if service would be futile then dismissal with prejudice is appropriate. *See e.g. Gregory v. United States Bankr. Ct.*, 942 F.2d 1498, 1500 (10th Cir. 1991); *Dahl v. Kanawha Inv. Holding Co.*, 161 F.R.D. 673, 681 (N.D. Iowa 1995).

Here, granting Blum leave to properly serve Hospital District would be futile because the Amended Complaint fails to state a claim upon which relief can be granted. Blum's negligence claim against Hospital District is identical in every respect to her negligence claim against Barrett Hospital. As discussed above, taking the allegations in the Amended Complaint as true, Blum discovered or reasonably should have discovered her injury and its cause by the end of December 2012. Blum did not file her initial and amended complaints until January 2016 and July 2016, respectively. Because Blum's negligence claim against Hospital District accrued more than three years before she filed the original or amended complaint, the claim is time barred and Hospital District's motion to dismiss for failure to state a claim or, alternatively, insufficient service of process should be granted.

## IV. Conclusion

For the reasons set forth above,

IT IS RECOMMENDED that Barrett Hospital's Motion to Dismiss (Doc. 9) and Hospital District's Motion to Dismiss (Doc. 11) be GRANTED.

DATED this 30th day of September, 2016

*/s/ Jeremiah C. Lynch*
Jeremiah C. Lynch
United States Magistrate Judge