**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION**

| | |
|---|---|
| MAUREEN O'REILLY BLUM,<br><br>　　　　　　　　Plaintiff,<br>vs.<br><br>BARRETT HOSPITAL<br>DEVELOPMENT CORPORATION,<br>d/b/a BARRETT HOSPITAL AND<br>HEALTHCARE; RICHARD OPPER;<br>RANDALL NETT; and DOES 1-10,<br><br>　　　　　　　　Defendants. | **CV-16-38-BU-BMM-JCL**<br><br>**ORDER ADOPTING MAGISTRATE<br>JUDGE'S FINDINGS AND<br>RECOMMENDATIONS** |

　　　　Defendant Randall Nett, M.D., ("Dr. Nett") has moved under Federal Rule of Civil Procedure 12(b) to dismiss all claims asserted against him in pro se Plaintiff Maureen Blum's Amended Complaint for lack of subject matter jurisdiction, failure to state a claim upon which relief can be granted, and insufficient service of process. United States Magistrate Judge Jeremiah Lynch

1

issued Findings and Recommendations in this matter. (Doc. 17.) Judge Lynch recommended that the Court grant Dr. Nett's motion to dismiss. No objections have been filed.

The Court has reviewed Judge Lynch's Findings and Recommendations for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). The Court finds no error.

## **I. BACKGROUND**

Blum, a nurse anesthetist, developed ulcerative skin lesions on her left hand three weeks after providing anesthesia services to a surgical patient at Barrett Hospital and Healthcare in December 2012. (Doc. 4.) The patient clearly had visible open sores covering his body, according to Blum.

Dr. Nett is a Commander with the United States Public Health Service Commissioned Corps, employed with the Centers for Disease Control and Prevention (CDC) in its National Institute for Occupational Safety and Health. (Doc. 5.) Dr. Nett was assigned by the CDC to Montana to perform services as a Career Epidemiology Field Officer when the incidents giving rise to Blum's lawsuit took place. *Id.*

Blum notified Dr. Nett that she had developed lesions similar to those on the surgical patient. Blum asked Dr. Nett to provide her with information relating to

the patient, including the patient's medical records. Blum claims that Dr. Nett failed to obtain the patient's medical records or take any action to prevent the spread of an infectious disease. Blum alleges that Dr. Nett failed to comply with Montana's public health laws, and thereby depriving her of her rights under 42 U.S.C. § 1983.

## II. DISCUSSION

Judge Lynch determined that Blum's Amended Complaint failed to state a claim upon which relief can be granted and that the claims lack subject matter jurisdiction.

### A. Motion to Dismiss for Failure to State a Claim

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege (1) the violation of a federally protected right by (2) a person acting under color of state law. *See e.g. Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006); *Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1990).

Blum relies on state statutes in her Amended Complaint that do not provide a basis for claiming the deprivation of any federally protected right. It is well established that § 1983 does not allow relief for alleged violations of state law or state constitutional rights. *See e.g. Maizner v. Hawaii, Dept. of Educ.*, 405 F. Supp. 2d 1225, 1240 (D. Haw. 2005) (*citing Moreland v. Las Vegas Metro.Police Dept*, 159 F.3d 365, 371 (9th Cir. 1998)). Because fails to state a claim against Dr. Nett under § 1983 due to her failure to allege the violation of a federally protected right.

## B. Subject Matter Jurisdiction

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenges the court's subject matter jurisdiction over the claims asserted. Blum's § 1983 claim fails for lack of subject matter jurisdiction. Dr. Nett served as a federal employee who was acting under color of federal law, rather than state law, at the time of the events in question. Section 1983 does not apply to claims that assert a deprivation of rights by federal officials or employees acting under color of federal law. *Daly-Murphy v. Winston*, 837 F.2d 348, 355 (9th Cir. 1987); *District of Columbia v. Carter*, 409 U.S. 418, 424-25 (1973).

Further, Dr. Nett enjoys statutory immunity from this suit. Under 42 U.S.C. § 233(a), the Federal Tort Claims Act ("FTCA") provides the exclusive remedy for specified claims against commissioned officers or employees of the Public Health

4

Service who are acting within the scope of their office or employment. *Hui v. Castaneda*, 559 U.S. 799, 801-02 (2010).

The United States stands as the only proper party defendant in an FTCA action. 28 U.S.C. § 1346(b)(1); *Kennedy v. U.S. Postal Service*, 145 F.3d 1077, 1078 (9th Cir. 1998). To the extent that Blum's Amended Complaint can be read as asserting a tort claim against Dr. Nett, the United States should be substituted as the defendant and Blum's tort claims should be dismissed. As a prerequisite to filing suit in federal court under the FTCA, however, a plaintiff must first present an administrative claim to the government. 28 U.S.C. § 2675(a). Blum has filed no administrative tort claim relating to the allegations against Dr. Nett in the Amended Complaint. (Doc. 7-1.) Thus, even assuming that the United States could be substituted as the defendant, any tort claims based on Dr. Nett's alleged conduct lack subject matter jurisdiction.

Accordingly, **IT IS ORDERED** that Magistrate Judge Lynch's Findings and Recommendations (Doc. 17) is **ADOPTED IN FULL**. Dr. Nett's motion to dismiss is **GRANTED**. The claims in this case related to Dr. Nett are **DISMISSED WITHOUT PREJUDICE**.

DATED this 15th day of December, 2016.

_____
Brian Morris
United States District Court Judge