# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BUTTE DIVISION

| | |
|---|---|
| MAUREEN O'REILLY BLUM,<br><br>Plaintiff,<br><br>vs.<br><br>BARRETT HOSPITAL DEVELOPMENT CORPORATION, d/b/a BARRETT HOSPITAL AND HEALTHCARE; RICHARD OPPER; RANDALL NETT; and DOES 1-10,<br><br>Defendants. | **CV-16-38-BU-BMM-JCL**<br><br>**ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS** |

Defendant Barrett Hospital Development Corporation ("Barrett Hospital") has moved to dismiss pro se Plaintiff Maureen Blum's Amended Complaint for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). Although not named as a defendant, Public Hospital District of Beaverhead County ("Hospital District") has entered an appearance for

1

the purpose of also moving to dismiss the Amended Complaint under Rule 12(b)(6).

United States Magistrate Judge Jeremiah Lynch issued Findings and Recommendations in this matter. (Doc. 20.) Judge Lynch recommended that the Court grant both motions to dismiss. No party has filed objections. The Court has reviewed Judge Lynch's Findings and Recommendations for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). The Court finds no error.

## I. BACKGROUND

Blum, a nurse anesthetist, developed ulcerative skin lesions on her left hand three weeks after providing anesthesia services to a surgical patient at Barrett Hospital in December 2012. (Doc. 4.) The patient clearly had visible open sores covering his body, according to Blum. Blum notified Barrett Hospital that she had developed lesions similar to those found on the patient and sought information relating to the patient.

Although Blum names Barrett Hospital as a defendant, all of the factual allegations in the text of her Amended Complaint are directed at Hospital District. Blum does not identify Hospital District as a defendant in either pleading, but alleges a negligence claim against the entity in the text of her Amended Complaint.

## II. DISCUSSION

Judge Lynch determined that because the statute of limitations has run on Blum's claims relating to both Barrett Hospital and Hospital District, her Amended Complaint fails to state a claim upon which relief can be granted under Rule 12(b)(6).

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). A claim may be dismissed under Rule 12(b)(6) when the running of the statute of limitations "is apparent on the face of the complaint." *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006). Liberally construed, the Amended Complaint sets forth a claim of negligence not just against Hospital District, but also against Barrett Hospital.

Under Montana law, the statute of limitations in an action for negligence is three years. Mont. Code Ann. § 27-2-204(1). Therefore, a negligence action must be commenced within three years from the time the claim or cause of action accrues. *Kaeding v. W.R. Grace & Co.*, 961 P.2d 1256, 1259 (Mont. 1998). "A

claim or cause of action accrues 'when all elements of the claim or cause exist or have occurred, the right to maintain an action on the claim or cause is complete, and a court or other agency is authorized to accept jurisdiction of the action.'" *Kaeding*, 961 P.2d at 1259 (*quoting* Mont. Code Ann. § 27-2-102(1)(a)).

Taking the allegations in the Amended Complaint as true, Blum's negligence claim against Barrett Hospital accrued by the end of December 2012. Blum was aware when she treated the patient on December 5, 2012, that he had open sores all over his body. She expressed concern that the unknown skin disease might be contagious. Blum's alleged injury manifested three weeks later, when she developed ulcerative skin lesions similar to those she had observed on the patient.

Because the three year statute of limitations began to run in late December 2012, but Blum did not file her initial and amended complaints until January 2016 and July 2016, respectively, her negligence claim against Barrett Hospital and Hospital District is time barred.

Accordingly, **IT IS ORDERED** that Magistrate Judge Lynch's Findings and Recommendations (Doc. 20) is **ADOPTED IN FULL**. Barrett Hospital's Motion to Dismiss (Doc. 9) and Hospital District's Motion to Dismiss (Doc. 11) are GRANTED. Blum's claims in this case related to Barrett Hospital and Hospital District are **DISMISSED WITH PREJUDICE**.

DATED this 22nd day of December, 2016.

_____
Brian Morris
United States District Court Judge